UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JULIANO FERNANDES and<br>ANDERSON DOS SANTOS,<br><br>Defendants | ) | Criminal No.<br><br>Violations:<br><br>Counts One-Two: Mail Fraud; Aiding and Abetting<br>(18 U.S.C. §§ 1341 and 2)<br><br>Counts Three-Thirteen:<br>Failure to Pay Over Taxes<br>(26 U.S.C. § 7202)<br><br>Forfeiture Allegations:<br>(18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461) |

## INDICTMENT

At times relevant to this Indictment:

### General Allegations

1. Defendant Juliano FERNANDES resided in Massachusetts.

2. Defendant Anderson DOS SANTOS resided in Massachusetts.

3. Force Corporation ("Force Corporation") was a corporation with a principal place of business in Leominster, Massachusetts. Force Corporation provided construction services. FERNANDES exercised management and control over Force Corporation's operations and capital.

4. AB Construction Group ("AB Construction") was a corporation with a principal place of business in Leominster, Massachusetts. AB Construction provided construction services. FERNANDES exercised management and control over AB Construction's operations and capital.

5. The Internal Revenue Service ("IRS") was the agency of the United States Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

Federal Payroll Taxes

6. As employers, Force Corporation and AB Construction were required to collect and pay over federal employment taxes. Federal employment taxes consist of two parts: (a) income taxes withheld from employee wages and (b) Federal Insurance Contributions Act ("FICA") taxes. FICA taxes consist of Social Security taxes and Medicare taxes. For any given employee, one-half of the applicable FICA taxes is withheld from the employee's wages and the other half is paid by the employer. Federal tax law requires employers to account for, collect, and pay over to the IRS both the withheld taxes (i.e., the employee's income tax withholdings and one-half of the FICA taxes) and the taxes owed by the employer itself (i.e., the employer portion of the FICA taxes).

7. Employers are required to report all wages paid to employees and all federal employment taxes on those wages on Form 941, the Employer's Quarterly Federal Tax Return. Most employers are required to file Form 941 four times per year, for each quarter ending March 31; June 30; September 30; and December 31. Employers are required to pay over to the IRS the applicable federal employment taxes on the same schedule.

8. A person is responsible for collecting, accounting for, and paying over federal employment taxes if he or she has the authority required to exercise significant control over the employer's financial affairs, regardless of whether the individual exercised such control in fact.

More than one person may be considered a "responsible person" for the purpose of collecting, accounting for, and paying over employment taxes.

9. FERNANDES exercised control over the financial affairs of both Force Corporation and AB Construction by, among other acts, approving the payments of wages to employees, signing checks, and controlling bank accounts. Thus, he was a person responsible for collecting, accounting for, and paying over federal employment taxes to the IRS on behalf of those companies.

Workers' Compensation Insurance in Massachusetts

10. The laws of the Commonwealth of Massachusetts require employers to obtain workers' compensation insurance coverage so that employees who suffer work-related injuries may be compensated.

11. As with other forms of insurance, employers obtain workers' compensation insurance by paying premiums to insurance companies, which issue insurance policies that cover the employers' obligations to pay for on-the-job injuries.

12. Workers' compensation insurance is commonly obtained for a fixed period of time, typically one year, known as the insurance policy term.

13. Premiums for workers' compensation insurance are based in part on factors related to the degree of risk the insurance company is assuming. The factors used in calculating a particular employer's workers' compensation insurance premium include: (1) the total wages of the employees to be covered (known as "payroll" or "exposure"); (2) the nature of the employees' work activities (known as "classification"); and (3) the employee's history of work-related injuries.

14. At the beginning of a policy term, the employer is required to provide the workers' compensation insurance company with estimates of its anticipated payroll during the upcoming policy term, as well as information regarding the job classifications of its employees. These payroll estimates are used to determine an estimated premium, which the employer may be required to pay, in part or in full, before or during the policy term.

15. After the close of a policy term, the insurance company commonly conducts an audit of the employer's actual payroll during the policy term. Interim audits may also be conducted during the policy term to check the accuracy of the employer's payroll estimates and, if necessary, to adjust the amount of any installment payments the employer may be obligated to pay.

16. During such audits, the employer is required to report to the insurance company its actual payroll during the policy term. The employer may also be required to furnish records, such as employment tax withholding records or bank records, to verify its payroll figures.

<u>The Workers' Compensation Fraud Schemes</u>

*Scheme #1 – Force Corporation*

17. From in or about April 2013 through in or about January 2017, FERNANDES engaged in a scheme to defraud worker's compensation insurance carriers for Force Corporation by materially misrepresenting the number of employees and amount of wages paid to Force Corporation employees.

18. In order to carry out this scheme, FERNANDES:

a. Concealed FERNANDES's management and control over the operations and capital of Force Corporation from workers' compensation insurance carriers.

b. Paid or caused to be paid Force Corporation employees using funds held in bank accounts held in the name of AB Construction.

c. Intentionally misclassified or caused to be misclassified Force Corporation payroll as subcontractor expenses or other types of expenses on recordkeeping books.

d. Provided or caused to be provided inaccurate and incomplete bank and payroll records for Force Corporation to workers' compensation insurance carriers.

e. Caused workers' compensation insurance carriers to mail out inaccurate and incomplete billing statements for premiums calculated on the underreported payroll of Force Corporation.

f. Mailed or caused to be mailed wrongly calculated payments for workers' compensation insurance premiums based on the underreported payroll for Force Corporation.

g. Provided or caused to be provided inaccurate and incomplete Forms 941 for Force Corporation to workers' compensation insurance carriers.

*Scheme #2 – AB Construction*

19. From in or about December 2013 through in or about April 2016, FERNANDES and DOS SANTOS engaged in a scheme to defraud worker's compensation insurance carriers for AB Construction by materially misrepresenting the number of employees and amount of wages paid to AB Construction employees.

20. In order to carry out the scheme, FERNANDES and/or DOS SANTOS:

a. Concealed FERNANDES's management and control over the operations and capital of AB Construction from workers' compensation insurance carriers.

b. Provided or caused to be provided inaccurate and incomplete bank and payroll records for AB Construction to workers' compensation insurance carriers.

c. Caused workers' compensation insurance carriers to mail out inaccurate and incomplete billing statements for premiums calculated on the underreported payroll of AB Construction.

d. Mailed or caused to be mailed wrongly calculated payments for workers' compensation insurance premiums based on the underreported payroll for AB Construction.

e. Provided or caused to be provided inaccurate and incomplete Forms 941 for AB Construction to workers' compensation insurance carriers.

f. Failed to cooperate with auditors and employees representing workers' compensation insurance carriers in connection with workers' compensation audits for AB Construction.

COUNT ONE
Mail Fraud; Aiding and Abetting
(18 U.S.C. §§ 1341 and 2)

The Grand Jury charges:

21. The Grand Jury re-alleges and incorporates by reference paragraphs 1-5 and 10-18 of this Indictment.

22. On or about the date set forth below, in the District of Massachusetts, and elsewhere, the defendant,

JULIANO FERNANDES,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did, for the purpose of executing and attempting to execute the scheme, knowingly cause to be delivered by mail and by any private and commercial interstate carrier according to the direction thereon, the following:

| **Approximate Date** | **Mailing** | **Company** |
|---|---|---|
| January 25, 2016 | Zurich Insurance Premium Adjustment Notice | Force Corporation |

All in violation of Title 18, United States Code, Sections 1341 and 2.

COUNT TWO
Mail Fraud; Aiding and Abetting
(18 U.S.C. §§ 1341 and 2)

The Grand Jury further charges:

23. The Grand Jury re-alleges and incorporates by reference paragraphs 1-5, 10-16 and 19-20 of this Indictment.

24. On or about the date set forth below, in the District of Massachusetts, and elsewhere, the defendants,

JULIANO FERNANDES and
ANDERSON DOS SANTOS,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did, for the purpose of executing and attempting to execute the scheme, knowingly cause to be delivered by mail and by any private and commercial interstate carrier according to the direction thereon, the following:

| **Approximate Date** | **Mailing** | **Company** |
|---|---|---|
| March 23, 2016 | AIM Premium Audit Adjustment | AB Construction Corporation |

All in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNTS THREE - THIRTEEN
Failure to Pay Over Taxes
(26 U.S.C. § 7202)

The Grand Jury further charges:

25. The Grand Jury re-alleges and incorporates by reference paragraphs 1-9 of this Indictment.

26. On or about the dates set forth below, in the District of Massachusetts, and elsewhere, the defendant,

JULIANO FERNANDES,

a person required to collect, account for and pay over any tax, willfully failed to collect, account for, and pay over to the Internal Revenue Service the federal income taxes required to be withheld and the Federal Insurance Contributions Act taxes due and owing to the United States as set forth below:

| Count | Date Taxes Due | Tax Quarter and Year | Company |
|---|---|---|---|
| 3 | April 15, 2015 | Quarter 2, 2014 | AB Construction |
| 4 | April 15, 2015 | Quarter 3, 2014 | AB Construction |
| 5 | April 15, 2015 | Quarter 4, 2014 | AB Construction |
| 6 | April 15, 2016 | Quarter 1, 2015 | AB Construction |
| 7 | April 15, 2016 | Quarter 2, 2015 | AB Construction |
| 8 | April 15, 2016 | Quarter 3, 2015 | AB Construction |
| 9 | April 15, 2016 | Quarter 4, 2015 | AB Construction |
| 10 | April 30, 2016 | Quarter 1, 2016 | Force Corporation |
| 11 | July 31, 2016 | Quarter 2, 2016 | Force Corporation |
| 12 | April 15, 2017 | Quarter 3, 2016 | Force Corporation |

| | | | |
|---|---|---|---|
| 13 | April 15, 2017 | Quarter 4, 2016 | Force Corporation |

All in violation of Title 26, United States Code, Section 7202.

FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

27. Upon conviction of the offense of mail fraud, in violation of Title 18, United States Code, Section 1341, set forth in Count 1 of this Indictment, the defendant,

JULIANO FERNANDES,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following assets:

a. $948,306.52 to be entered in the form of a forfeiture money judgment;

28. If any of the property described in Paragraph 27, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 27 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

## FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

29. Upon conviction of the offense of mail fraud violation of Title 18, United States Code, Section 1341, set forth in Count 2 of this Indictment, the defendants,

JULIANO FERNANDES and ANDERSON DOS SANTOS,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following assets:

a. $876,506.66 to be entered in the form of a forfeiture money judgment

30. If any of the property described in Paragraph 29, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 29 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

JOHN T. MULCAHY
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: December 30, 2020
Returned into the District Court by the Grand Jurors and filed.

/s/ Dawn M. King 2:54pm
DEPUTY CLERK